FILED

2017 May-12 PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **SHEMIKA NIXON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **vs.** | ) | |
| | ) | |
| **SUNLIGHT HOME, LLC,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.     JURISDICTION AND VENUE

1.     This is an action for damages and injunctive relief caused by defendant's demotion and constructive discharge of plaintiff after she requested time off from employment due to a serious medical condition, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615 et seq..

2.     The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C.§ 2617 and 28 U.S.C. § 1331.

3.     The unlawful employment practices described herein were committed within the State of Alabama, in defendant's premises located in Huntsville, Alabama. Accordingly, venue in the Court is proper pursuant to 28 U.S.C. § 1391(b).

## II.    PARTIES

4.      The Plaintiff, Shemika Nixon, is a citizen of the United States and the State of Alabama, and resides in Colbert County. Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. §2611(2)(A) to be treated as an "employee" within the meaning of the FMLA.

5.      The Defendant, Sunlight Home, LLC, is a corporation doing business in the state of Alabama.  Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. §2611(4)(A) at all times relevant to the issues raised in this action.

## III.   STATEMENT OF FACTS

6.      Ms. Nixon was an employee of Defendant. Prior to becoming ill and suffering from her own serious health condition, she was a Group Home Manager earning $12.00 per hour, approximately 60 hours per week, plus benefits.

7.      Ms. Nixon had worked more than 1250 hours in the 12 months preceding her need for FMLA leave for her own serious health condition, and was eligible to apply for FMLA.

8.      At all relevant times, Defendant employed more than 50 people within 75 miles of the worksite.

9.    In February 2015, Ms. Nixon was approved for intermittent FMLA leave. She was out for one month starting on 2/24/15, and returning in March 2015. When she returned, she resumed her duties as Group Home Maanger.

10.    Ms. Nixon went out on approved FMLA leave again on or about 4/13/15, with an anticipated return of 5/28/15. However, Ms. Nixon was released to return to work without restrictions early, on 5/13/15.

11.    Ms. Nixon returned to work the following day, 5/14/15.

12.    Upon her return, Ms. Nixon discovered that she had been demoted to a direct caregiver and given a $4.00 per hour pay cut.

13.    The reason given for her demotion was to keep job stress from affecting her health, this despite her doctor's full release to return to work.

14.    Defendant retaliated against Ms. Nixon when it demoted her in violation of the FMLA, and was constructively discharged from her employment.

15.    Defendant demoted and terminated Ms. Nixon as a direct result of exercising her rights provided under the FMLA.

## IV.   CLAIMS

**COUNT ONE**
**RETALIATION IN VIOLATION OF THE FMLA**

16.    Plaintiff, Shemika Nixon, re-alleges and incorporates paragraphs 1-15 above as if pleaded separately herein.

17.    Defendant intentionally and willfully retaliated against the Plaintiff when it demoted her and terminated her after she exercised her rights under the Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*.

## V.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court assume jurisdiction of this action and after trial grant the following relief:

(a)    grant the Plaintiff a declaratory judgment that the practices complained of herein are violative of the Family and Medical Leave Act of 1993;

(b)    grant the plaintiff a declaratory judgment holding that the actions of the defendants described hereinabove violated and continue to violate the rights of the plaintiff as secured by the FMLA;

(c)    grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and on the Defendant's behalf from continuing to violate the FMLA;

(d)    grant the Plaintiff an order reinstating her to the position she would have held absent the FMLA violation;

(e)    grant the Plaintiff the appropriate amount of back pay, loss of employment benefits, damages, a pay raise with back pay in the amount she would have earned but for the unlawful and discriminatory practices of the Defendant in

violation of the FMLA, including interest, reinstatement, or in the alternative, front pay;

(f)     grant the Plaintiff liquidated damages allowed under the FMLA;

(g)     grant Plaintiff an award of compensatory and/or punitive damages to make her whole;

(h)     award the Plaintiff her costs and expenses, including a reasonable attorney's fee;

(l)     award such other relief as may be just and proper.

Respectfully submitted,


s/Michael E. Auffenorde
Michael E. Auffenorde

OF COUNSEL:
Michael E. Auffenorde, P.C.
2409 Commerce Court, Suite B
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 fax
aalaw@bellsouth.net

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS
TRIABLE TO A JURY.**


s/Michael E. Auffenorde
Michael E. Auffenorde

DEFENDANT'S ADDRESS:

Sunlight Home, LLC
c/o Carmelle Pierre-Jerome
2636 Carters Gin Road
Toney, AL 35773-9703

PLAINTIFF'S ADDRESS:

Shemika Nixon
c/o Michael E. Auffenorde, P.C.
2409 Commerce Court, Suite B
Huntsville, Alabama 35801